## SHAUB, AHMUTY, CITRIN & SPRATT, LLP

ATTORNEYS AT LAW
1983 MARCUS AVENUE
LAKE SUCCESS, NEW YORK 11042-1056
(516) 488-3300
Facsimile: (516) 488-2324
info@sacslaw.com

Erin L. Deacy-Stalzer
estalzer@sacslaw.com

June 14, 2022

**Via ECF**

The Honorable Gary R. Brown
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Courtroom 940
Central Islip, NY 11722-9014

Re:   *Jillian Spindel v. Terry D. Amarat, M.D.,* et al.: No. 2:22-cv-03106-GRB-AYS

To the Honorable Justice Brown:

The undersigned represents the medical defendants, Jon-Paul DiMauro, M.D. ("DiMauro") and Long Island Jewish Medical Center s/h/a Northwell Health Long Island Jewish Medical Center ("LIJMC") in the above-entitled action. This action was originally commenced by the plaintiff in the Suffolk County Supreme Court on April 6, 2022. It was subsequently removed by counsel for the product manufacturing co-defendants, Depuy Synthes Products, Inc., Depuy Synthes Sales, Inc. and Johnson & Johnson Inc. (collectively hereinafter "the Removing Defendants"). The named defendant "Terry D. Amarat, M.D." has not yet appeared.  Per Your Honor's June 1, 2022 order graciously granting an extension of time to file a response to the Court's May 27, 2022 Order to Show Cause, the DiMauro and LIJMC defendants respectfully submit this letter brief advancing their position regarding the removal and possible remand of this action to the Supreme Court, Suffolk County.  It is respectfully submitted that this case ought to be remanded to the Supreme Court, Suffolk County, in its entirety for the reasons which follow.

**These Medical Defendants Object to Removal and Remand is Warranted**

The failure to satisfy the rule of unanimity is a procedural defect that requires remand of the Removed Action to state court. *See* Percy v. Oriska Gen. Contr., 2021 U.S. Dist. Lexis 101418 (E.D.N.Y. 2021); *See also* Ahmed v. Giraldo, 2015 U.S. Dist. LEXIS 154207 (E.D.N.Y. 2015); Family Court of N.Y. v. Whitfield, 2018 U.S. Dist. LEXIS 46109 (E.D.N.Y. 2018); Codapro Corp v. Wilson, 997 F. Supp. 322 (E.D.N.Y. 1998). Though issue was joined as to these medical defendants by way of service of a Verified Answer that was efiled in the Supreme Court's NYSCEF filing system on May 17, 2022, the Removing Defendants never sought or obtained these medical defendants' consent to removal before filing their Notice of Appearance and Notice of Filing Notice of Removal in the Supreme Court's NYSCEF filing system a week later on May 25, 2022. These medical defendants object to removal.  It is respectfully submitted that applicable law provides that since this Court lacks discretion to ignore prescribed procedures under the removal

SHAUB, AHMUTY, CITRIN & SPRATT, LLP

Re: Spindel, Jillian v. LIJMC, et al.<br>SACS File No.: 433-00158<br>Page 2

statute, this matter ought to be remanded in its entirety to the Supreme Court, Suffolk County under Index Number 606734/2022.

**This Action does not Fall within an Exception to the Rule of Unanimity and Remand is Warranted**

A defendant may remove an action from state court to federal court if the latter court has original jurisdiction, 28 U.S.C. §1441(a), and if the applicable procedural requirements are satisfied, 28 U.S.C. §1446. *Supra,* Percy, 2021 U.S. Dist. (E.D.N.Y. 2021). The right of removal is entirely a "creature of statutes and… [the] statutory procedures for removal are to be strictly construed". Id. This Court is respectfully reminded that in light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, "federal courts…resolv[e] any doubts against removability". Id; *see also* Abruzzo Docg Inc. v. Acceptance Indem. Ins. Co., 2021 U.S. Disc. LEXIS 22196 (E.D.N.Y. 2021). On a motion to remand to state court the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof. Id. To carry its burden the removing party must demonstrate both the existence of subject matter jurisdiction and compliance with the relevant procedural requirements. Id. If a removing party cannot demonstrate federal jurisdiction by competent proof, the removal is in error and the district court must remand the case to the court in which it was filed. Id. Respectfully, the Removing Defendants have failed to satisfy their burden in this regard and this matter ought to be remanded in its entirety to the Supreme Court, Suffolk County under Index Number 606734/2022.

The Removing Defendants essentially submit that the medical defendants are unnecessary, dispensable parties that were fraudulently misjoined to the products liability lawsuit in order to deprive the products liability defendants the right to removal. The Removing Defendants submit that the medical defendants ought to be severed and remanded to state court pursuant to CPLR §1002(b) and Rules 20 and 21 of the Federal Rules of Civil Procedure since the claims advanced against the medical defendants and the required evidence relative to the medical claims are "unrelated" to the claims advanced against the products defendants and the required evidence relative to the products claims. The Removing Defendants submit that the claims advanced against the medical defendants do not arise out of the "same transactions or occurrences" as the products liability claims advanced against the Removing Defendants, and they "do not involve common questions of law or fact" (*see* James F. Murdica's Notice of Removal and at ¶12, 15-18 and 24, specifically). In addition, the Removing Defendants submit that there can be no viable vicarious liability theory of recovery against them. Respectfully, the Removing Defendants are mistaken.

As acknowledged by the Removing Defendants, this Court is to apply state law when considering whether joinder was proper in the state court. The New York rule of civil procedure governing permissive joinder permits joinder of defendants against whom "there is asserted any right to relief jointly, severally or in the alternative, arising out of the same transaction, occurrence, or series of transactions or occurrences if *any* common question of law or fact would arise". *Supra,* Abruzzo Docg Inc., 2021 U.S. Dist. (E.D.N.Y. 2021). Though discovery is in its infancy in this action the attached exhibit from the subject LIJMC hospital chart demonstrates that the DePuy defendants

SHAUB, AHMUTY, CITRIN & SPRATT, LLP

Re: Spindel, Jillian v. LIJMC, et al.<br>
SACS File No.: 433-00158<br>
Page 3

had "a company representative and/ or visitor from Depuy…. present during the [July 15, 2020] procedure/treatment/diagnostic study" when the Removing Defendants' product was utilized and placed by the medical defendants, "the role and purpose of this individual's presence [had] been explained", and consent for the individual's presence in the Operating Room on July 15, 2020 was given on the patient's behalf (*see* **Exhibit "A"**). The DePuy representative, Brian James, is referred to as having been present in the Operating Room on July 15, 2020 from 07:06 to 15:28. The plaintiff's claims against the Removing Defendants include, amongst other things, failing to disseminate to physicians "accurate and truthful information" concerning their product, failing to have adequately trained and proctored physicians in the proper use of their products, and failing to give appropriate instructions regarding their products (*see* Plaintiff's Complaint at ¶42, 80 and 92). Mr. James's instructions to the medical defendants during the July 15, 2020 surgical procedure at issue and his involvement in same, if any, as a DePuy representative and agent demonstrates that there are common questions of law and fact arising from the same "transaction, occurrence, or series of transactions or occurrences" sufficient to satisfy CPLR §1002's requirements for proper permissive joinder. *Supra*, Abruzzo Docg Inc., 2021 U.S. Dist. (E.D.N.Y. 2021). It is respectfully submitted that Mr. James's instructions to the medical defendants during the subject July 15, 2020 surgery, and his potential involvement in same, is also sufficient to potentially support a vicarious liability claim against the Removing Defendants and to warrant remand of this matter in its entirety to the Supreme Court, Suffolk County under Index Number 606734/2022.

For all of the aforementioned reasons it is respectfully submitted that all of the named defendants are necessary, indispensable and properly joined to this action, this case is not removable, and remand is required. *See* F.R.C.P. 21, 20 and 19(a)(1) and (2); *see also* Kips Bay Endoscopy Ctr., PLLC v. Travelers Indem. Co., 2015 U.S. Dist. LEXIS 96957 (S.D.N.Y. 2015); Michelson v. Rassman (In Re: Propecia (Finasteride) Prod. Liab. Litig.), 2016 U.S. Dist. LEXIS 82352 (E.D.N.Y. 2016). Remand is warranted and justified to avoid the impairment of all of the parties' abilities to protect their interests in the controversy, to avoid the possibility of double or inconsistent adjudications and obligations, to prevent a defendant from imposing his choice of forum upon other unwilling parties, to acknowledge the desirability of resolving related claims in a single forum, and to promote judicial efficiency while preserving cost and precious judicial resources. *Supra* Percy, 2021 U.S. Dist. (E.D.N.Y. 2021); Ahmed, 2015 U.S. Dist. (E.D.N.Y. 2015); Family Court of N.Y., 2018 U.S. Dist. (E.D.N.Y. 2018); Codapro Corp, 997 F. Supp. (E.D.N.Y. 1998); Abruzzo Docg Inc., 2021 U.S. Disc. (E.D.N.Y. 2021); Kips Bay Endoscopy Ctr., PLLC, 2015 U.S. Dist. (S.D.N.Y. 2015); Michelson, 2016 U.S. Dist. (E.D.N.Y. 2016).

Respectfully submitted,<br><br>
*[signature]*<br>
Erin L. Deacy-Stalzer

cc:   All Counsel of Record

# EXHIBIT A




**Cohen Children's Medical Center**
Northwell Health.

CCMC
SPINDEL, JILLIAN
MR ████████
DOB ████████   F   17Y
DIMAURO, JON-PAUL,
DOS 07/15/2020

## Consent For The Presence of Company Representatives and / Or Visitors

Procedure/Treatment /Diagnostic Study:

_Posterior instrumented spinal fusion_
_T3-L3_

Name of Representative from Company and/or Visitor: _Brian James_

Surgeon/Attending Physician Signature: _[signature] Dimauro, MD_

I hereby acknowledge and understand that a company representative and/or visitor from _Depuy_ who is **not** affiliated with the Facility, will be present during the above referenced procedure/treatment/diagnostic study. The role and purpose of this individual's presence has been explained to my satisfaction and I hereby give my authorization and consent.

_[signature]_   7/15/20   7:30 A   _FRANK SPINDEL_   _DAD_
Patient/Agent/Relative/Guardian* (Signature) | Date / Time | Print Name | Relationship if other than patient

Telephonic Interpreter's ID #       Date / Time
.OR

Signature: Interpreter       Date / Time       Print: Interpreter's Name and Relationship to Patient

_Aleece Polksem_   7/15/20   0731   _Aleece Polksen  RN_
Witness to signature (Signature) | Date / Time | Print Witness Name

* The signature of the patient must be obtained unless the patient is an unemancipated minor under the age of 18 or is otherwise incapable of signing.

VD028 (2/6/18) 1.1

Pt. Name: SPINDEL, JILLIAN
Account Number: [redacted]
Medical Record: [redacted]    Gender: Female
DOB: [redacted]    Age: 17y
Case Confirmation #: [redacted]

## Long Island Jewish Medical Center
### Nursing Intraop Record

### Addtional Times / Time out(s)

| Start Date/Time | Stop Date/Time | Dur. Mins. | Description and Comments | Signed By |
|---|---|---|---|---|
| 07/15/2020 09:42 | NA | | Time Out ; Patient ID, Procedure, Site, Side verified per policy, Time Out Huddle immediately prior to procedure incision completed per policy, Full Documentation on Site Verification Form | Maietta, Samantha Brooke, RN |
| 07/15/2020 14:54 | NA | | Interface Date | |
| 07/15/2020 15:24 | NA | | Ready for Transport | |

### Post Case Summary

| | | | |
|---|---|---|---|
| ound Class: | I - Clean | Report Given To: | PACU Nurse |
| ound Closure: | Primary Closure | | |
| Transport Time: 15:24 | Transport Via: PACU Bed | Postop Skin Condition: | Unchanged from PreOp; Same as PreOp; Same as Pre-Op; Warm; No injury noted on removal of cautery pad |
| | Transport To: PACU | Intraop Radiology: | Fluoroscopy Up to 1 Hr |
| Transport By: | Anesthesiologist ; Resident | OR D/C Status: | Incision Type: Open |
| Permanent Implant used: Yes | | Transpant used: | None |
| ost-op Airway | | | |

### Personnel

| Personnel Category | Personnel Name | Personnel Category | Personnel Name |
|---|---|---|---|
| Surgeon: | DiMauro, Jon-Paul P, MD | Anesthesiologist(s): | Ng, Fanny W, MD |
| Assistant Surgeon(s): | Amaral, Terry D, MD | | |

| Personnel Category | Personal Name | Start Date/Time | Out Date/Time |
|---|---|---|---|
| Circulator | Maietta, Samantha Brooke, RN | 07/15/2020 07:06 | 07/15/2020 15:28 |
| rculator | Schellderfer, Eileen, RN | 07/15/2020 07:06 | 07/15/2020 15:28 |
| Scrub | Fajardo, Marylynn, OT | 07/15/2020 07:07 | 07/15/2020 10:50 |
| 2nd Scrub | Bucco, Ashlee, RN | 07/15/2020 07:06 | 07/15/2020 13:09 |
| Resident Assistant | Rizzo, Sarah E, MD | 07/15/2020 07:33 | 07/15/2020 15:28 |
| Relief Scrub | Korzeniowski, Jessica, RN | 07/15/2020 10:47 | 07/15/2020 12:02 |
| Scrub | Fajardo, Marylynn, OT | 07/15/2020 12:02 | 07/15/2020 14:50 |
| Relief Scrub | Lema, Paola, ST | 07/15/2020 14:45 | 07/15/2020 15:28 |

| Visitor | Name | Start Date/Time | Out Date/Time |
|---|---|---|---|
| BRIAN JAMES * Approved Company Rep, Consultant | BRIAN JAMES | 07/15/2020 07:06 | 07/15/2020 15:28 |
| NELLIE NOVAKOVA * Intraop Neurophysiological Monitoring | NELLIE NOVAKOVA | 07/15/2020 07:06 | 07/15/2020 15:28 |

15321980
Module Electronically Signed by: Schellderfer, Eileen/RN/Sign Off IntraOp    Date: 07/15/2020 15:28
Printed By:
Page 9 of 9    Chart Copy Printed On: 07/15/2020