

390 Madison Ave.
12ᵗʰ Floor
New York, NY 10017-2509 U.S.A.
(646) 746-2000
Fax: (646) 746-2001

11 S. Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

June 23, 2022

*Via ECF*

Honorable Gary R. Brown
Eastern District of New York
100 Federal Plaza
Courtroom 940
Central Islip, New York 11722

> **Re:** *Jillian Spindel v. Terry D. Amarat, M.D., et al.*
> *May 27, 2022 Order Requesting Briefing on DePuy's Notice of Removal*

Dear Judge Brown:

We represent DePuy Synthes Sales, Inc. and DePuy Synthes Products, Inc. (collectively, "DePuy") in the above-captioned case. We are writing to address the issues raised in Your Honor's May 27, 2022 Order and to respond to the Letter Briefs filed by Co-Defendants Jon-Paul DiMauro, M.D. and Northwell Health Long Island Jewish Medical Center (collectively, the "Healthcare Defendants") [ECF No. 12] and Plaintiff Jillian Spindel [ECF No. 15.] For the reasons set out in DePuy's Notice of Removal [ECF No. 1] and Motion to Sever [ECF No. 5], the Court should sever Plaintiff's product liability claims against DePuy from her medical malpractice and negligent employment claims against the Healthcare Defendants because these claims do not arise out of a shared transaction or occurrence. And, once the medical malpractice and negligent employment claims are severed and remanded to state court, all removal and jurisdictional requirements are satisfied and the Court may properly exercise subject-matter jurisdiction over Plaintiff's product liability claims against DePuy.

## I. Federal Courts—Including the Eastern District of New York—Have Recognized and Affirmed the Concept of Fraudulent Misjoinder.

DePuy's notice of removal is premised on the doctrine of fraudulent misjoinder, also known as procedural misjoinder. Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no procedural basis to join such defendants in one action. Most state joinder rules are modeled after the federal joinder rule, which authorizes permissive joinder of parties when the claims brought by or against them arise "out of the same transaction, occurrence, or series of transactions or occurrences" and give rise to a common question of law or fact. In a case where the joined claims are unrelated, a federal district court may find removal jurisdiction pursuant to the fraudulent misjoinder doctrine even though the plaintiff has a reasonable substantive basis for the claim against the non-diverse defendants. In this situation, federal district courts can sever the claims involving the non-diverse parties and remand them to state court, while retaining jurisdiction over only the claims as to which diversity jurisdiction exists. This doctrine is well-accepted within the Second Circuit. *See, e.g., Abruzzo Dog Inc. v. Acceptance Indem. Ins. Co.*, No. 20-CV-4160, 2021 U.S. Dist. LEXIS 220196 (E.D.N.Y. Nov. 15, 2021); *Keune v. Merck & Co. (In re Propecia (Finasteride) Prod. Liab. Litig.)*, No. 12-CV-2049, 2013 U.S.

Hon. Gary R. Brown
June 23, 2022
Page 2

Dist. LEXIS 11737 (E.D.N.Y. May 17, 2013); *A. Kraus & Son v. Benjamin Moore & Co.*, No. 05-CV-5487, 2006 WL 1582193, at *5 (E.D.N.Y. June 7, 2006); *Humphrey v. Riley*, No. 14-CV-80, 2014 U.S. Dist. LEXIS 93637 (N.D.N.Y. July 10, 2014); *Sons of the Revolution in N.Y., Inc. v. Travelers Indem. Co. of Am.*, No. 14-CV-3303, 2014 U.S. Dist. LEXIS 171654 (S.D.N.Y. Dec. 11, 2014); *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1289, 2008 U.S. Dist. LEXIS 57473 (S.D.N.Y. July 29, 2008); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).

## II.  Plaintiff's Claims Against DePuy Are Misjoined With Her Claims Against the Healthcare Defendants.

Plaintiff's product liability claims against DePuy do not arise out of the same transaction or occurrence as Plaintiff's malpractice claims against the Healthcare Defendants.  In their respective Letter Briefs, Plaintiff and the Healthcare Defendants assume that the product liability claims and medical malpractice claims are properly joined because they share one common and overlapping event: the July 15, 2020 surgery.  **But, significantly, neither Plaintiff nor the Healthcare Defendants analyze the specific allegations in the operative complaint [ECF No. 1-1].**  And a closer look at the allegations contained in the 127-paragraph complaint shows that the allegations against DePuy are entirely different from the allegations against the Healthcare Defendants.

Plaintiff's allegations against DePuy predate the July 15, 2020 surgery and are exclusive to DePuy's medical devices:

- Plaintiff alleges that DePuy marketed the subject medical device in a way that misrepresented its safety and efficacy. ¶ 36.
- Plaintiff alleges that DePuy provided instructions and warnings with the subject medical device that failed to adequately warn surgeons of its risks.  ¶¶ 37, 92, 107, 108.
- Plaintiff alleges that DePuy did not conduct any testing on the subject device prior to surgery. ¶¶ 38, 80.
- Plaintiff alleges that DePuy failed to report adverse events to the FDA. ¶ 39.
- Plaintiff alleges that DePuy "over-promoted" the subject medical device in a way that minimized its risks. ¶ 40.
- Plaintiff alleges that DePuy failed to train physicians on the proper use of the subject medical device. ¶ 42.
- Plaintiff alleges that DePuy's subject medical device was defective in its design and manufacture at the time it left DePuy's control. ¶¶ 85, 86.
- Plaintiff alleges that DePuy continued to market the subject medical device to the public even "after learning of defects that threatened the intended use of the device." ¶ 89.
- Plaintiff alleges that DePuy continued to manufacture the device even with actual knowledge that the device posed a "serious danger" to patients.  ¶ 93.
- The dangerous and defective conditions in the subject medical devices allegedly "existed at the time they were delivered" to the distributor.  ¶ 109.
- DePuy allegedly created express and implied warranties with respect to the subject medical device before the device was implanted. ¶¶ 114; 119.[1]

---

[1] DePuy denies all of these allegations in its Answer to Plaintiff's Complaint. [ECF No. 10.]

**BARNES & THORNBURG** LLP

Hon. Gary R. Brown
June 23, 2022
Page 3

In comparison, the allegations against the Healthcare Defendants are exclusive to the Hospital's employment of the Surgeons and their treatment of Plaintiff:

- Plaintiff's Surgeons allegedly failed to perform with requisite skill and care and, consequently, rendered negligent and careless healthcare to Plaintiff that failed to meet the standard of care.  ¶¶ 49, 50; 55; 56.
- The Hospital allegedly failed to investigate the qualifications, competence, and skill of surgeon; failed to investigate patient complaints about the surgeons; failed to investigate negative outcomes; and failed to investigate professional misconduct proceedings. ¶ 65.
- The Hospital allegedly employed under-skilled and un-trained surgeons. ¶ 68.
- The Hospital allegedly failed to obtain plaintiff's informed consent. ¶ 72.

These allegations do not arise out of a shared transaction or occurrence or raise common issues of fact or law.  DePuy's decisions regarding product testing, design, manufacturing practices, and warnings were made before the July 15, 2020 surgery and do not relate to any claims against the Healthcare Defendants.  The Healthcare Defendants' decisions about hiring and retaining these Surgeons and the Surgeon's care for the Plaintiff do not relate to the claims against DePuy.  *See, e.g., Sutton v. Davol, Inc.*, 251 F.R.D. 500 (E.D.Ca. 2008) (finding that the claims brought against medical defendants were fraudulently misjoined with product liability claims brought against the manufacturer of a medical device because the claims against the medical defendants could not be based on the allegedly negligent testing and manufacture of the medical device).  At trial, the evidence that Plaintiff will need to present regarding the product liability claims will be entirely different than the medical malpractice claims and *vice versa*.  These claims are two distinct lawsuits that admittedly share a common event but do not share common issues of fact or law.

The Healthcare Defendants attach documents not contained in the pleadings and allege that there is some additional, theoretical basis for liability against DePuy because a sales representative was allegedly present in the surgery.  [ECF No. 12 at 3.]  But Plaintiffs' complaint makes no such claim.  The paragraphs of the Complaint that the Hospital Defendants cite (¶¶ 42, 80, 92) do not allege any action or inaction as to DePuy's sales representative and he does not appear in Plaintiff's lengthy complaint. The presence of a sales representative does not change the fraudulent misjoinder analysis, and the Court should rely on the actual allegations contained in the pleading.

### III. The Court May Properly Exercise Jurisdiction Over this Product Liability Lawsuit Once the Misjoined Claims are Severed.

DePuy filed a Motion to Sever the Medical Malpractice Claims [ECF No. 5] to respectfully request that the Court separate these two distinct lawsuits.  Once the malpractice and negligent employment claims are removed, the Court may exercise jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

#### A.  There Is Complete Diversity Among the *Properly Joined* Parties.

For purposes of 28 U.S.C. 1332, Plaintiff is a citizen of New York and DePuy is a citizen of Massachusetts and Delaware. [ECF No. 1, ¶¶ 7-9.]  Once the misjoined claims against the Healthcare Defendants are severed, there is complete diversity of citizenship.

#### B.  It Is Undisputed That The Amount in Controversy Exceeds $75,000.

Plaintiff alleges that, as a result of the disparate acts of the Healthcare Defendants and DePuy, she experienced "severe" and "serious" spine injuries and was forced to undergo two additional spine

BARNES & THORNBURG LLP

Hon. Gary R. Brown
June 23, 2022
Page 4

surgeries. [*See* ECF No. 1, p. 14.] This alone evidences that the amount in controversy exceeds $75,000, but counsel for DePuy also conferred with counsel for Plaintiff who confirmed that his client is seeking monetary damages well above the jurisdictional threshold.  There is no dispute among the parties on this point.

### C.  DePuy Satisfied All Applicable Procedural and Timing Requirements in Removing the Present Action.

All other procedural and timing requirements for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied.  In particular, 28 U.S.C. § 1446(b)(2)(A) does not require the consent of the improperly joined parties: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." (emphasis added). Because the claims against the Healthcare Defendants are fraudulently misjoined with the product liability claims against DePuy, DePuy did not need their prior consent to remove to this Court. *See, e.g., Flores-Duenas v. Briones*, No. CIV 13-0660, 2013 U.S. Dist. LEXIS 173620 (D.N.M. Dec. 1, 2013) ("procedural misjoinder is an exception to the normal rule requiring all defendants to consent to removal"); *Sutton*, 251 F.R.D. at 506 ("a failure to obtain the consent of an improperly joined defendant . . . does not negate an otherwise proper removal.")

*        *        *        *        *

Plaintiff and the Healthcare Defendants simply conclude that the claims against these different defendants arise out of the same transaction or occurrence.  But DePuy has shown in this letter – by comparing the specific allegations actually asserted in Plaintiff's complaint – that the claims are different in all material aspects and do not raise common issues of fact or law.  Instead, Plaintiffs have improperly combined a product liability lawsuit, a medical malpractice lawsuit, and a negligent employment lawsuit into a single action.  Accordingly, DePuy respectfully requests that the Court grant its Motion to Sever and exercise jurisdiction over the product liability claims.

Sincerely,

J.T. Larson
James F. Murdica

cc:      All counsel of record (*via ECF*)

BARNES & THORNBURG LLP