# SHAUB, AHMUTY, CITRIN & SPRATT, LLP

ATTORNEYS AT LAW
1983 MARCUS AVENUE
LAKE SUCCESS, NEW YORK 11042-1056
(516) 488-3300
Facsimile: (516) 488-2324
info@sacslaw.com

Erin L. Deacy-Stalzer
estalzer@sacslaw.com

June 24, 2022

**Via ECF**

The Honorable Gary R. Brown
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Courtroom 940
Central Islip, NY 11722-9014

Re: <u>Jillian Spindel v. Terry D. Amarat, M.D.,</u> et al.: No. 2:22-cv-03106-GRB-AYS

To the Honorable Justice Brown:

The undersigned represents the medical defendants, Jon-Paul DiMauro, M.D. ("DiMauro") and Long Island Jewish Medical Center s/h/a Northwell Health Long Island Jewish Medical Center ("LIJMC") in the above-entitled action. It is respectfully requested that Mr. Larson's 4 page submitted letter brief be rejected and disregarded by the Court, as the undersigned confirmed with Your Honor's Part the 3 page limit for all parties' letter briefs and advised Mr. Larson and Mr. Desousa of such in an email sent on June 13, 2022. At 9:18 p.m. on June 13, 2022 Mr. Larson sent an email response acknowledging receipt of the emailed advisement and thanking the undersigned. Despite counsel's awareness of Your Honor's 3 page letter brief limit Mr. Larson now submits a 4 page submission which we object to. If afforded 4 pages for my own letter brief, I certainly would have pointed out the clear fact that, as Mr. Larson points out, the DePuy defendants are charged with "failing to **train physicians** in the proper use of the subject medical device" and the medical defendants are charged with permitting "**untrained** surgeons" to treat the plaintiff (*see* Complaint at ¶42 and ¶68). The undersigned's letter brief notes that a DePuy **representative** was present in the OR for over eight (8) hours. Certainly this individual's role, perhaps as a "sales representative" as claimed by Mr. Larson, and his potential participation in the events that occurred in the OR including any possible directives given to the surgeons relative to the implantation and use of the DePuy device, are issues of fact relevant to all defendants.

Respectfully submitted,

*[signature]*

Erin L. Deacy-Stalzer

cc: All Counsel of Record