

390 Madison Ave.
12th Floor
New York, NY 10017-2509 U.S.A.
(646) 746-2000
Fax: (646) 746-2001

11 S. Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

July 6, 2022

***Via ECF***

Honorable Gary R. Brown
Eastern District of New York
100 Federal Plaza
Courtroom 940
Central Islip, New York 11722

> Re:   *Jillian Spindel v. Terry D. Amarat, M.D., et al.,* **Case No. 2:22-cv-3106**

Dear Judge Brown:

Pursuant to Your Honor's Individual Practice Rules, DePuy Synthes Sales, Inc. and DePuy Synthes Products, Inc. (collectively, "DePuy") respectfully submit this pre-motion letter to request that the Court sever Plaintiff's product liability claims against DePuy from her medical malpractice and negligent employment claims against Jon-Paul DiMauro, M.D. and Northwell Health Long Island Jewish Medical Center (collectively, the "Healthcare Defendants"). For the reasons set forth below, and as discussed in DePuy's Notice of Removal [ECF No. 1] and Letter Brief [ECF No. 16], Plaintiff's claims against the Healthcare Defendants are fraudulently misjoined with the claims against DePuy and do not arise out of a shared transaction or occurrence. In addition, the Court can exercise its discretion and sever the claims against the Healthcare Defendants because those defendants are dispensable parties to the product liability causes of action against DePuy.[1]

## I.   The Court Should Sever and Remand the Medical Malpractice Claims Because Those Claims are Fraudulently Misjoined.

Plaintiff's medical malpractice and negligent employment claims against the Healthcare Defendants are fraudulently misjoined with the product liability claims against DePuy and should be severed and remanded because they do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as those claims asserted against DePuy. N.Y. C.P.L.R. § 1002(b); *See also Leone v. Bd. of Assessors*, 100 A.D.3d 635, 953 N.Y.S. 2d 157, 159 (App. Div. 2012).

Plaintiff's allegations against DePuy predate the July 15, 2020 surgery and are exclusive to DePuy's medical devices. In comparison, the allegations against the Healthcare Defendants are exclusive to the Hospital's employment of the surgeons and their treatment of Plaintiff. These allegations do not arise out of a shared transaction or occurrence or raise common issues of fact or law. DePuy's decisions regarding product testing, design, manufacturing practices, and warnings were made before the July 15, 2020 surgery and do not relate to any claims against the Healthcare Defendants. The Healthcare Defendants' decisions about hiring and retaining the surgeons and the surgeon's care for the Plaintiff do not relate to the claims against DePuy. At trial, the evidence that

---

[1] DePuy filed the prior Motion to Sever [ECF No. 5] on May 26, 2022 – the day after removal – because the requested relief is inextricably intertwined with its theory of subject-matter jurisdiction [*see* Notice of Removal, ECF No. 1]. The case was assigned to Your Honor later in the day on May 26, 2022. Therefore, DePuy did not have the opportunity to comply with Your Honor's individual rules and the pre-motion letter requirement.

Hon. Gary R. Brown
July 6, 2022
Page 2

Plaintiff will need to present regarding the product liability claims will be entirely different than the medical malpractice claims and *vice versa*. These claims are two distinct lawsuits that admittedly share a common event but do not share common issues of fact or law. *See, e.g., Sullivan v. Calvery Memorial Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015) ("While Counts III and IV against the Maryland Healthcare Defendants may involve the same physical object that is the source of the products liability claims against the Ethicon Defendants, the medical negligence claims against the Maryland Healthcare Defendants involve legal standards and factual inquiries distinctly different from the products liability claims against the Ethicon Defendants.") Under these circumstances, the Court can (and should) sever the claims against the Healthcare Defendants and remand them to state court, while retaining jurisdiction over the claims as to DePuy. *See, e.g., Sutton v. Davol, Inc.*, 251 F.R.D. 500 (E.D.Ca. 2008) (finding that the claims brought against medical defendants were fraudulently misjoined with product liability claims brought against the manufacturer of a medical device because the claims against the medical defendants could not be based on the allegedly negligent testing and manufacture of the medical device); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 U.S. Dist. LEXIS 68906 (E.D. Ky. May 28, 2015).

II.     **The Healthcare Defendants Are Not Necessary Parties to the Product Liability Causes of Action Against DePuy.**

Alternatively and additionally, the Court may exercise its discretion to sever the claims against the Healthcare Defendants. Pursuant to Federal Rule of Civil Procedure 21, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." *See also* N.Y. C.P.L.R. §§ 1001(a); 1003. Rule 21 permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party, as long as that party is not indispensable under Federal Rule of Civil Procedure 19. *See, e.g., Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 691-92 (4th Cir. 1978).

Here, the Healthcare Defendants are dispensable parties to the product liability causes of action because the malpractice claims against those defendants are separate and distinct from the product liability claims against DePuy. There are no viable causes of action alleged against both DePuy and the Healthcare Defendants and so there is no concern that complete relief cannot be afforded among existing parties or create a substantial risk of double, multiple, or inconsistent obligations. Moreover, a finding that the Healthcare Defendants are dispensable is sufficient grounds to sever the claims against them without resolving the issue of whether they are fraudulently misjoined. *See, e.g., DeGidio v. Centocor, Inc.*, No. 3:09-CV-721, 2009 U.S. Dist. LEXIS 126887 at *13 (N.D. Ohio June 29, 2009) (citing *Moore's Federal Practice* § 21.05 at 21-25 ("Despite its title, 'Misjoinder and Nonjoinder of Parties,' the courts agree that the Rule may apply even in the absence of misjoinder or nonjoinder. For example, the Supreme Court has recognize the use of Rule 21 to dismiss a properly joined party for the purpose of maintaining diversity of citizenship."))

Accordingly, DePuy respectfully requests that Your Honor set a pre-motion conference to address the issues raised by this pre-motion letter.

Sincerely,

*J.T. Larson*

J.T. Larson
James F. Murdica

cc:     All counsel of record (*via ECF*)

**BARNES & THORNBURG** LLP